FILIMON GARCIA v. THE STATE.

No. 23793. Delivered December 10, 1947.
Rehearing Denied February 4, 1948.
Appellant's Request for Leave to File Second Motion for Hearing.
Denied March 17, 1948.

*James K. Byers* and *Otis Bowyer, Jr.*, both of Dallas, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of an assault with intent to murder Johnnie Garivay and by the jury given a penalty of ten years in the state prison.

Johnnie Garivay and his half-brother, Gilbert Soto, were drinking beer in a cafe in Dallas on March 1, 1946, and some kind of an altercation ensued between these two brothers on one side and appellant and Carlos Martinez on the other. Several pistol shots were fired, and when the trouble ended Gilbert Soto was dead and Garivay was beaten. He had also been shot through the buttock, the bullet going upward and lodging in his intestines.

The facts are confusing and contradictory, one side showing an unprovoked attack upon appellant by the two brothers who were armed with pistols, and the other showing some kind of an attack upon the two brothers, coupled with the fact that they lost a considerable sum of money as well as some jewelry. The patient jury seemed to have sifted those facts and arrived at the guilt of appellant, and we feel inclined to say that their verdict thereon should be sustained.

Appellant's first bill of exception is presented in the form of alleged misconduct upon the part of the jury in the following respect: While the trial of this cause was progressing and after the witness, Josephine Reyes, had testified herein and while the jurors were waiting in their room for the convening of court, some of them playing dominoes, others talking, and all waiting to be called to proceed with the trial, some of the jurors noticed from the several windows of the jury room and commented upon the fact that outside on the lawn of the courthouse the appellant and his witness, Josephine Reyes, were seen together. On the motion for a new trial each juror was questioned vigorously on what was said and done by the jurors upon their seeing appellant and this witness together during the recess of the court. The witness Reyes gave testimony favorable to appellant, and she was present at the scene of this trouble. The jurors undoubtedly saw appellant and the witness, as well as some other men and women together, but from a careful reading of the testimony of each juror on the motion for a new trial, we confess our inability to see where any misconduct of the jury occurred, or any injury to appellant was caused by the fact that they saw him in company with this witness. It was shown by the testimony that they were good friends and had corresponded with each other, and appellant's voluntary act in plac-

ing himself in plain sight of the jury while in company with this witness does not seem to be of material effect either for or against him. Having eyes to see, surely the members of the jury could not be chided for seeing that which took place before their eyes. We are impressed with the fact that no error is shown in this bill.

Bill No. 2 complains because the trial court refused to grant appellant a new trial on account of alleged misconduct of the jury in that it is claimed that in their deliberations the jurors discussed the indeterminate sentence law and its effect upon their verdict; and it was further alleged that this caused the jurors to increase the term to be allotted to appellant from five years to ten years in prison. All of the jurors were brought in and testified relative to this allegation, and their testimony varies. However, we gather therefrom that at one time in their deliberations something was mentioned in the jury room about the length of time which appellant would be called upon to serve. It is reasonably clear to us from the testimony that this discussion was "nipped in the bud", as testified to by one juror, and the jurors decided that they had nothing to do with that; that by a fair expression of opinion those jurors who were for five years agreed to compromise for ten years, and those who were for fifteen years agreed also to compromise for ten years and thus they arrived at their verdict. We do not see any error in their mention of the indeterminate sentence law, especially controlled as such mention was by an immediate cessation thereof.

Bill No. 3 complains because it is therein alleged that upon questioning the juror Hamilton upon his voir dire, he was asked if he had ever been a peace officer and his answer was that he had not. It was shown that at one time he held a commission under one, Kal Segrist, as a deputy constable prior to the date of the trial; that it was called an "honorary commission", and he had the right to carry a pistol while taking money to a bank from a picture show; that he never performed any service as a peace officer, received no salary, and was never called upon to act as an officer in any capacity; that this commission had expired prior to this trial. It is not shown that such a "pistol-carring commission" as this affected this juror's verdict in any way, and we do not think the matter to be of sufficient import to cause a reversal hereof.

Bill of Exception No. 4 complains because of the fact that the private prosecutor, Robert C. Benavides, who was a Latin-

American, asked the defense witness, Ignacio Guzman, the proprietor of the cafe where this difficulty occurred and an eyewitness thereto, after he had given testimony favorable to appellant, if he (Guzman) some months before this trial, had not told Benevides that if he (Guzman) told what he knew about this difficulty he could make it mighty hard on the defendant and Carlos Martinez, appellant's companion. It appears that the witness Guzman denied making such statement to the private prosecutor, and the matter was not further gone into by either side. Nevertheless, this bill complains because of the asking of the question, the State not seeing fit to place the attorney on the stand. It was shown by the bill that no objection nor exception was taken thereto. In any event, we think no error is shown in said bill.

Bill of Exception No. 5 relates to a question asked Josephine Reyes, the waitress in the cafe where this trouble took place. It was shown by the State that Gilbert Soto and Johnnie Garivay were possessed of a considerable sum of money and also some jewelry at the time that Soto was killed and Garivay was shot; that Soto had been a coxswain in the Navy and Garivay a chief steward in the Merchant Marine; that Garivay had about $100.00 in money on his person and Soto had $100.00 when they left their mother's home on the day of this trouble, which money they carried in a roll, sailor-like. The State showed that after Soto was dead, he had no money save a $1.00 bill in his right hand, and that Garivay had a nickel and some few pennies. According to the State, this money was missing as well as an Air Force Insignia bracelet which Garivay had worn upon his arm. The Reyes woman was asked by the State as to how much of this property she had received from appellant. She denied receiving any of the money or the bracelet. Appellant did not object to this procedure, and we see no error therein of any harmful nature.

Bill of Exception No. 6 complains because appellant requested that the court send out with the jury when it started on its deliberations all the exhibits introduced in the trial of the case by appellant, there being nine such exhibits which consisted of three photographs of the cafe, two plats of the cafe, two discharges of appellant from the Civilian Conservation Corps, a qualification card in the U. S. Army, and appellant's discharge therefrom. It is shown in the qualification to this bill that after the jury had retired from the court-room, appellant's attorney inquired of the court whether or not he was going to send all exhibits out with the jury to use in their deliberations, where-

upon the court replied that he never did do so unless such was requested by the jury, but that he would be glad to deliver any exhibits requested by the jury, at which time appellant's attorney stated that he felt that all the exhibits should go to the jury, but no further or other objection was made. However, the careful trial court does certify that an exception was taken to such refusal. The jury may take with them any writing used as evidence (Art. 674, C. C. P.), or anything else used as evidence, (Heard v. State, 9 Tex. App. 1; Chalk v. State, 35 Tex. Cr. R. 116, 32 S. W. 534), but a refusal to allow such exhibits to go to the jury is not error unless the jury requested such. Wragg v. State, 65 Tex. Cr. R. 131, 145 S. W. 342; Hicks v. State, 75 Tex. Cr. R. 461, 171 S. W. 755.

We find no error shown in the record, and accordingly the judgment is affirmed.

ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant insists that in overruling his contention that the jury received other testimony during their deliberations, we did violence to the rule prohibiting speculation as to inquiry in such cases.

We disclaim any intention of so holding. What we held was this: The fact that the jurors, during deliberation, saw appellant and his material witness, Josephine Reyes, together, and commented upon that fact, did not, nor did their reference to the indeterminate sentence law, constitute receipt of other testimony, within the meaning of Sec. 7 of Article 753, C. C. P.

In order for the provision of Sec. 7, Article 753, C. C. P. relating to the receipt by the jury of other testimony during deliberations, to apply, two things must occur—that is, the jury must have received other testimony, and the testimony so received must have been of such a nature as would or could have injuriously affected the rights of the accused. It is only when the jury has received such testimony that the mandatory rule requiring a reversal of the conviction applies. We remain convinced that the facts mentioned did not bring this case within the rule stated.

Again, appellant insists that our holding that the juror Hamilton did not, upon his voir dire examination, mislead ap-

pellant is contrary to the well-established principle that false material misstatements by a prospective juror, made when questioned upon his voir dire examination, are grounds for a new trial. Bolt v. State, 112 Tex. Cr. R. 267, 16 S. W. (2d) 235; Goode v. State, 123 Tex. Cr. R. 293, 58 S. W. (2d) 1015.

What we held was that the juror Hamilton, in testifying upon his voir dire examination, did not, as a matter of fact, make a misstatement. He was asked if he had ever been a peace officer; to this, he replied that he had not. This was, literally, a true answer, for he never was commissioned a deputy constable, nor did he hold himself out as a deputy constable or purport to fill the duties of that office as a de facto officer. As near as he came to being a peace officer was that the constable authorized him to carry a pistol while making night deposits in connection with his employment.

We are, therefore, not in position to say that when the juror testified he had never been a peace officer, he testified falsely or made a misstatement of the facts.

Appellant challenges the correctness of the other conclusions expressed in the original opinion. These have been examined, and are overruled without discussion.

The motion for rehearing is overruled.

Opinion approved by the Court.

ON APPELLANT'S REQUEST FOR LEAVE
TO FILE SECOND MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

Appellant requests leave to file second motion for rehearing, basing it upon the fact that his attorneys did not receive notice from the Clerk of this Court that their request for original submission had been postponed to the date requested, hence they were deprived of opportunity of submitting oral argument, and had no brief on file when the case was submitted. Appellant's attorneys argued the case on rehearing and had their brief then before the Court, and we had the benefit of all authorities cited therein at the time the opinion on rehearing was prepared.

Believing the case has been properly decided, and nothing appearing in the requested second motion to change our views, leave to file same is denied.