**Manuel Ramon LOPEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 62059.**

Court of Criminal Appeals of Texas, Panel No. 2.

Feb. 24, 1982.

W. Stephen Hernsberger, court appointed, El Paso, for appellant.

Steve W. Simmons, Dist. Atty. & Lane C. Reedman, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and McCORMICK, JJ.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for the delivery of heroin, where the jury assessed punishment at forty (40) years' imprisonment.

The record reflects that on April 6, 1978, appellant sold to Paul Weber, an undercover police officer, 0.128 grams of nine per cent heroin for $25.00.

On appeal appellant initially alleges that the conviction should be set aside for the failure of the State to comply with the Speedy Trial Act, Article 32A.02, V.A.C.C.P. (effective July 1, 1978). Article 32A.02, § 1(1), provides:

"Section 1. A court shall grant a motion to set aside an indictment, information, or complaint if the state is not ready for trial within:

"(1) 120 days of the commencement of a criminal action if the defendant is accused of a felony."

The record reflects that appellant was indicted on May 8, 1978 and was arrested for the first time on May 10, 1978. The case was set for trial on June 8, 1978. On June 30, 1978, the State announced ready for trial. On July 3, 1978, the State again filed an announcement of "ready." On October 17, 1978, the appellant filed a motion for a speedy trial or to dismiss the indictment for failure to comply with the Speedy Trial Act. The case was then set for trial on October 23, 1978. On November 2, 1978, appellant filed a motion to set aside the indictment for lack of a speedy trial. The case was then transferred from the 34th District Court to the 327th District Court on November 3, 1978. On November 6, an "order of court setting" was filed in order to hear appellant's motion to set aside the indictment on November 15, 1978. No action appears to have been taken on appellant's motion on said date.

Prior to the commencement of the trial on December 19, 1978, appellant urged his motion to dismiss the indictment for failure of the State to comply with the Speedy Trial Act. In his motion appellant alleges that the State has never "been ready for trial" and that the "Court and the District Attorney of El Paso County, Texas have at all times failed and declined to permit the Defendant to be brought to trial." At the hearing on appellant's motion to dismiss the indictment the following colloquy was had:

"THE COURT: Mr. Hernsberger, let me ask you this. The case was set originally for a trial. What happened?

"MR. HERNSBERGER: It was originally set on the court docket for October—

"THE COURT: October 23 at 1:30 p. m.

"MR. HERNSBERGER: Yes, sir, it never came to trial.

"THE COURT: Was this through the DA's fault or was it through the Court's fault?

"MR. HERNSBERGER: I have no way of knowing, your Honor. All I know is that it never came to trial.

"THE COURT: What was the procedure, they just set cases and they are never tried? That's what I'm trying to figure out, what the procedure is.

"MR. HERNSBERGER: No, sir. I'm not familiar with what their system is. In any event, whether it was the Court or the DA, it was the State.

"THE COURT: Well, I know they have two motions of ready, and then the Court sets it for a hearing October 23rd, 1978 at 1:30 for a trial and then it's not tried, and I wonder, you know, was it because the State was not ready or was it because the Court just never reached it?

"MR. HERNSBERGER: I do not know the answer to that, your Honor."

■ No evidence was offered by the appellant in support of his speedy trial motion. It was overruled. Appellant's case was pending on the effective date of the Speedy Trial Act—July 1, 1978. Prior to that date, neither prosecutors, defendants, nor the courts were required to take notice of the terms of the Act. Therefore, the time which elapsed prior to July 1, 1978 cannot be considered in determining motions to dismiss under Article 32A.02, supra. *Wade v. State*, 572 S.W.2d 533 (Tex.Cr.App. 1978).

■ In this case the State announced ready for trial on July 3, 1978, within the 120 day period starting from July 1, 1978. The announcement is prima facie showing that the provisions of the statute have been complied with where the defendant fails to present evidence sufficient to rebut the State's assertion of readiness for trial. *Callaway v. State*, 594 S.W.2d 440 (Tex.Cr. App.1980); *Fraire v. State*, 588 S.W.2d 789 (Tex.Cr.App.1979). See also *Barfield v. State*, 586 S.W.2d 538 (Tex.Cr.App.1979).

In the present case appellant's counsel stated that he did not know why the case had not come to trial. He added that he did not know whether the reason for the delay was because the State was not ready or because the court never reached the case on its docket. No evidence was ever offered to rebut the State's assertion of readiness. *Callaway v. State*, supra. We hold that the requirements of the Speedy Trial Act were fulfilled, and the State was shown to have been ready for trial within 120 days of July 1, 1978. Appellant's initial contention is overruled.

Appellant also complains of the following jury argument, made by the prosecutor at the punishment stage:

"MR. MOODY [Prosecutor]: ... I ask you, when you go into that jury room, request State's Exhibit No. 5 and State's Exhibit No. 6, because they're going to tell you not only what kind of crime you're dealing with, not only are you dealing with a pusher of heroin—

"MR. HERNSBERGER [Appellant's Counsel]: Your Honor, I'm going to object to the continuing use in referring to the Defendant as a pusher. We're talking about one sale, we're not talking about—

"THE COURT: Overrule the objection."

■ The prosecutor did not pursue the argument, and there was no further reference to the appellant being a "pusher." Appellant correctly points out that there is no other evidence in the record to show that appellant sold heroin to anyone other than the complaining witness, officer Paul Weber. However, appellant had just been convicted of delivery of heroin to Weber. Clearly, appellant was a "pusher of heroin" as to Weber. Moreover, we do not find under the circumstances that a mere reference, standing alone, to a person as a "pusher of heroin" shows that other sales were made by that person. *Cazares v. State*, 488 S.W.2d 110 (Tex.Cr.App.1972); *Archer v. State*, 474 S.W.2d 484, 485 (Tex.Cr.App. 1971). Appellant's contention is overruled.

■ Next, appellant contends the trial court erred in denying his motion for a mistrial when undercover agent Weber testified that the substance which appellant sold him "field tested" as heroin when he was not qualified as an expert to state such

opinion. Weber testified that after the sale he returned to the El Paso police department and field tested the substance he had obtained from the appellant. When asked the results of such test, an objection was interposed that he was not qualified as an expert. It was sustained. Subsequently in an unresponsive answer Weber stated the field test showed the substance was heroin. The general objection was simply "I will object, Your Honor." The objection was immediately sustained and the court, sua sponte, instructed the jury to disregard Weber's answer, and admonished Weber to confine his answers to the questions asked. The mistrial motion was then overruled.

The chain of custody of the substance was established, and a chemist testified that after an analysis he determined that the substance was indeed heroin.

Any error that may have resulted was cured by the trial judge promptly sustaining the objection and sua sponte instructing the jury to disregard the answer and admonishing the witness. In light of the chemist's subsequent testimony and the court's instruction, no reversible error is perceived. The court did not err in overruling the motion for a mistrial.

■ Appellant's final ground of error alleges the trial court erred in denying his mistrial motion when State's Exhibit No. 3 (the balloon containing the heroin identified by Weber) disappeared after it had been admitted into evidence before the jurors and was not available to them during deliberations.

Appellant does not direct our attention to any portion of the record where such mistrial motion was made. After searching this appellate record page by page, we find that after the verdict at the guilt stage of the trial was received appellant moved for a mistrial because State's Exhibit No. 3 had disappeared for some unknown reason and that the jurors did not have the exhibit available to them during their deliberations.

Article 36.25, V.A.C.C.P., provides:

"There shall be furnished to the jury *upon its request* any exhibits admitted as evidence in the case." (Emphasis supplied.)

■ The language of said statute indicates that a jury may take with them any exhibits admitted as evidence, though a refusal or failure to allow the jury to have such exhibits is not error unless the jury requests the exhibits. *Mitchell v. State*, 156 Tex.Cr.R. 128, 239 S.W.2d 384 (1951); *Garcia v. State*, 151 Tex.Cr.R. 488, 207 S.W.2d 877 (1947); *Watson v. State*, 82 Tex.Cr.R. 462, 199 S.W. 1098 (1917); *Hicks v. State*, 75 Tex.Cr.R. 461, 171 S.W. 755 (1913); *Wragg v. State*, 65 Tex.Cr.R. 131, 145 S.W. 342 (1912).

The record shows that the exhibit was introduced into evidence before the jury. It was identified by officer Weber as the balloon containing a substance which was sold to him by the appellant. The chain of custody was established, and a chemist testified the substance was heroin. The appellant offered no evidence.

In overruling the mistrial motion, the court (apparently accepting appellant's statement as to the disappearance of the exhibit) dictated into the record that during the deliberations of the jurors they had not requested State's Exhibit No. 3 be sent to them. Under the circumstances, the court did not err in overruling the motion for mistrial. There is no showing that appellant was harmed or prejudiced by the disappearance of the exhibit. Appellant's contention is overruled.

The judgment is affirmed.