**Barbara Ann BORGERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–81–0139–CR.**

Court of Appeals of Texas,
Amarillo.

April 20, 1982.

Dick Alexander, Lubbock, for appellant.

John T. Montford, Crim. Dist. Atty., Jim B. Darnell, Asst. Crim. Dist. Atty., Lubbock, for appellee.

Before REYNOLDS, C. J., and DODSON and BOYD, JJ.

BOYD, Justice.

This is an appeal from a conviction for aggravated robbery. After appellant pleaded guilty, the jury assessed her punishment at 15 years. We affirm the judgment of conviction.

Appellant does not assail the sufficiency of the evidence to convict. In a single ground of error, however, she complains that the trial court erred in submitting a court's charge on punishment over her objection that the term "indeterminate sentence law" should have been deleted. The instruction in question was admonitory in nature, and read as follows:

 \*  \*  \*  \*  \*  \*

During your deliberations you are not to discuss or consider the Indeterminate Sentence Law, or possible actions of the Board of Pardons and Paroles or how long this defendant will be required to serve the punishment which you assess.

 \*  \*  \*  \*  \*  \*

The indeterminate sentence law, now repealed,[1] provided that

If the verdict fixes the punishment at confinement in an institution operated by the Department of Corrections for more than the minimum term, the judge in passing sentence shall pronounce an indeterminate sentence, fixing in such sentence as the minimum the time provided by law as the lowest term in an institution operated by the Department of Corrections and as the maximum the term stated in the verdict.

Tex.Code Cr.P.Ann. art. 42.09, § 1 (repealed).

▮ The jury, in determining the sentence to be assessed in a felony case, is not authorized to resort to or apply the indeterminate sentence law. *Pena v. State*, 137 Tex.Cr.R. 311, 129 S.W.2d 667, 669 (1939). To do so would constitute jury misconduct

---

1. Denominated Tex.Code Cr.P.Ann. art. 42.09, § 1, the indeterminate sentence law was re-

pealed by 1981 Tex.Gen.Laws, ch. 291, § 117, at 810.

which might give rise to a new trial. Tex. Code Cr.P.Ann. art. 40.03(8) (1979). *But see Garcia v. State*, 151 Tex.Cr.R. 488, 207 S.W.2d 877, 879 (1947), where a mention of the indeterminate sentence law, "nipped in the bud," did not constitute error.

The giving of an admonitory instruction to guard against jury misconduct is within the sound discretion of the trial court. *York v. State*, 566 S.W.2d 936, 938 (Tex.Cr.App.1978). Appellant contends, however, that "indeterminate sentence law" is "an unknown term and unknown judicial procedure" to the jury which constituted "other evidence" that precluded the appellant from obtaining a fair and impartial trial. Reference to the indeterminate sentence law does not constitute receipt of other testimony. *Garcia v. State, supra*, 207 S.W.2d, at 880 (opinion on appellant's motion for rehearing). *See also* Tex.Code Cr.P.Ann. art. 40.03(7) (1979). Appellant has shown no jury misconduct or other harm which resulted from the giving of the admonitory instruction. Her ground of error is overruled.

The judgment is affirmed.

REYNOLDS, Chief Justice, concurring.

I concur in what has been written for the Court in affirming the conviction of appellant Barbara Ann Borgers for aggravated robbery. Yet it seems appropriate to add that although the indeterminate sentence law was repealed effective 1 September 1981, when this cause was submitted to the jury on 9 December 1980, it was an existing mandatory law, *Ex parte Davis*, 157 Tex. Cr.R. 370, 248 S.W.2d 133, 134 (1952), to be applied by the trial judge, but not by the jury. *Pena v. State*, 137 Tex.Cr.R. 311, 129 S.W.2d 667, 669 (1939). Thus, consistent with the approval of admonitory charges to guard against jury misconduct, *Hernandez v. State*, 169 Tex.Cr.R. 418, 334 S.W.2d 299, 301–02 (1960), it was proper for the court to instruct the jury not to discuss or consider the indeterminate sentence law. *Clark v. State*, 76 Tex.Cr.R. 348, 174 S.W. 354, 357 (1915).