**Constantino OLVERA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–84–00465–CR.**

Court of Appeals of Texas,
San Antonio.

Sept. 30, 1985.

Lawrence L. Garcia, Ehrlich & Garcia, San Antonio, for appellant.

Sam Millsap, Jr., Jody Tullos, Phyllis West, Barbara Hervey, Crim. Dist. Attys., San Antonio, for appellee.

Before CADENA, C.J., and TIJERINA and DIAL, JJ.

OPINION

DIAL, Justice.

This is an appeal from a jury trial at which the defendant was found guilty of murder and his punishment assessed at five years' imprisonment.

The sole ground of error alleges the trial court erred in overruling the defendant's motion to set aside the indictment pursuant to the Speedy Trial Act, TEX.CODE CRIM. PROC.ANN. art. 32A.02, TEX. CONST. art. I, § 10 and the U.S. CONST. 6th amend.

A chronology of events is helpful:

May 2, 1984—Offense occurred.

May 12, 1984—Defendant arrested (criminal action commences for Speedy Trial purposes).

July 30, 1984—State files written announcement of ready (within 120 days statutory period).

September 4, 1984—First trial setting (both sides announce ready, but court in trial on another case).

September 11, 1984—State informed at 4:00 P.M., case to be tried following morning.

September 12, 1984—State files application for continuance for absent witnesses, and defense files motion for dismissal for failure to afford Speedy Trial.

September 24, 1984—Second trial setting.

September 26, 1984—Hearing on defendant's motion for dismissal. Motion denied, and trial proceeded to verdict.

The record is silent as to any hearing held on the State's application for continuance, any objection lodged by the defendant, or the order of the court thereon except a remark by one of the attorneys that the continuance had been granted. It is followed in the record by a notice from the clerk to the defense attorney that the cause had been reset for trial on the merits on September 24, 1984.

At the hearing on the defendant's motion for dismissal the defense called the two individuals alleged as absent witnesses in the State's application for continuance, Guadalupe Carrizalez, widow of the deceased complainant, and Raymond Rodriguez, her school-aged son. It was developed that the witnesses had been served with subpoenas for the first setting but had moved about the time of that setting. Guadalupe called the District Attorney's office "about two weeks" before the September 26 hearing to find out when she should come to court and to give the District Attorney her new address and the phone number of a friend through whom she could be contacted. No one testified concerning the efforts used to locate the witnesses on September 11, but it was established that they had moved from the previous address, had no phone listed in their name, and the prior neighbors did not know to where they had moved.

The State had filed a written announcement of ready some 78 days after the defendant's arrest. This announcement of ready within the 120 day statutory period was a *prima facie* showing that the Speedy Trial Act had been complied with. It was then incumbent on the defendant to offer evidence to rebut the State's announcement of readiness. *Lopez v. State*, 628 S.W.2d 82, 84 (Tex.Crim.App.1982). The defendant did not meet this burden. His motion for dismissal and the evidence developed under it was not addressed to the period prior to September 12, but rather to the State's readiness on September 12 and the period following. He argues that since the day on which the State was not ready, September 12, 1984, was more than 120 days after the commencement of the criminal action, the cause should be dismissed.

The State obviously was not ready on September 11 and 12 when it could not locate its witnesses, but became ready again when Guadalupe called with their new address and a phone number through which they could be reached. This would be a very short period of time because Guadalupe testified she called the District Attorney's office about two weeks before the September 26 hearing.

Section 4(6)(A) of the Speedy Trial Act provides that in computing the time by which the State must be ready for trial certain periods of time should be excluded. Included within this would be a reasonable period of delay resulting from a continuance granted to the State because of the unavailability of material evidence if the State has exercised due diligence to obtain this evidence, and the evidence would be available within a reasonable time. TEX. CODE CRIM.PROC.ANN. § 4(6)(A) (Vernon Supp.1983).

The State's sworn application for continuance asserted that the absent witnesses

were material and that due and sufficient diligence had been used to secure their appearance.

When the trial judge denied the defendant's motion to dismiss, he knew that the case had been reset following the State's motion based on the absence of the material witnesses. The judge had the hindsight advantage of knowing that the witnesses were actually unavailable because they had moved, and any contact made at the old address would have been fruitless. The judge also knew that the witnesses were only unavailable for the short period of time before the call was made to advise where they could be contacted.

Under the circumstances the judge was required to exclude from the computation the reasonably short period of time when the State did not know the whereabouts of the witnesses.

The other periods of delay were attributable to the crowded court docket. The language in the Speedy Trial Act refers to the preparedness of the prosecution for trial and does not encompass the trial court and its docket. *Barfield v. State,* 586 S.W.2d 538, 541 (Tex.Crim.App.1979).

The defendant's ground of error made reference to TEX. CONST. art. I, § 10 and U.S. CONST. 6th amend. The defendant's brief does not present any argument under these provisions. We hold, nevertheless, that a murder trial held less than five months following the alleged offense is not an unreasonable delay and is not *per se* a denial of due process under either the Texas or United States Constitutions. *Pete v. State,* 501 S.W.2d 683, 687 (Tex.Crim.App.1973), *cert. denied,* 415 U.S. 959, 94 S.Ct. 1488, 39 L.Ed.2d 574 (1974).

The single ground of error is overruled, and the judgment of conviction is affirmed.

CADENA, Chief Justice, concurring.

I concur in the result. It is undisputed that the State was ready within the 120 day period, thus satisfying the requirements of the statute.