**John Ray PARKER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–87–00402–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 28, 1988.

Jeffery G. Malm, Houston, for appellant.

John B. Holmes, Harris County Dist. Atty., Lynne W. Parsons, Jeannine Southwick, Harris County Asst. Dist. Attys., for appellee.

Before SMITH, LEVY and HOYT, JJ.

## OPINION

HOYT, Justice.

This is an appeal from a conviction for the offense of driving while intoxicated. A jury found the appellant guilty, and the court assessed punishment at one year confinement, probated for two years, and a $400 fine. This appeal followed the denial of a motion for new trial. We reverse and remand.

The thrust of the appellant's first point of error focuses on the court's actions in refusing to grant the jury's request to review some evidence during its delibera-

tions. The record reflects that during the course of the appellant's trial, State's Exhibit 1, a videotape of the appellant at the police station, was admitted into evidence and viewed by the jury. During the course of its deliberations, the jury requested to view the videotape. On that occasion, the jury was brought into the courtroom, with all parties present, and the trial court made the following remarks:

The Court: We have a note from the jury. Mr. Bailiff, bring the jury in.

(The jury was reseated in the jury box.)

The Court: You know, I told the lawyers when they told you [sic] could review the evidence and everything, that the next time they say that I am going to hold them in contempt of court.

We saw that, we heard it all. Now, *if there's a doubt about what was done, what was said, in your minds, I will let you review it.* Unfortunately, our video machine is now broken. The court next door is in trial and they are using theirs. We will have to get one from some other floor somewhere.

*If you just want to review it just to look at it again, I am not going to allow you to.* If it's important to you that you don't recall, you want one of the last questions about what happened, there is the video, one of the others, you are certainly entitled to any of the evidence. *You are not entitled to review all the evidence, see everything again we already heard once.* If there is something about the video that somebody said, "Well, he did this" and another one said, "He did not" you want to verify something like that, then we have no choice but to let you look at it again. Is that the problem, or is it you just want to see it because they have some doubt in their mind about what they saw? I will let you decide that. You go back in there, if you still want to see it, we will have to make arrangements to get one from somewhere else. Unfortunately, when someone was watching a video it ate the video tape.

(The jury was retired to the jury room.)

[Emphasis supplied.]

In his first and second points of error, the appellant contends that the trial court erred in: (1) refusing to grant the jury's request to view the videotape; (2) providing the jury an oral response to its written request, contrary to the rules; (3) commenting on the weight of the evidence; and (4) intimidating the jury.

 Neither Tex.Code Crim.P.Ann. art. 36.25 (Vernon 1981) nor case law requires that the jury give any reason or justification when requesting to view evidence properly admitted. *See generally Robinson v. State,* 704 S.W.2d 565 (Tex. App.—Beaumont 1986, pet. ref'd); *see also Garrett v. State,* 658 S.W.2d 592 (Tex. Crim.App.1983). Unlike art. 36.25, which addresses exhibits admitted into evidence, Tex.Code Crim.P.Ann. art. 36.28 (Vernon 1981) concerns the testimonial evidence admitted. "[I]f the jury disagrees as to the *statement of a witness* they may, upon applying to the court, have read to them ... that part of such witness testimony or the particular point in dispute, and no other...." *Id.* Clearly, the court has the power to determine the validity and extent of the jury's request when testimony is in dispute. However, art. 36.25 is mandatory, and we are persuaded by the reasoning in *Lopez v. State,* 628 S.W.2d 82 (Tex.Crim. App.1982), that error occurs when the jury requests an exhibit and the court refuses to comply. *Id.* at 85.

 The record shows that the videotape was introduced into evidence and was available for viewing. When the jury requested the exhibit and the trial court refused to permit viewing of the videotape, the appellant failed to object. In such a circumstance, the error complained of must be fundamental error. *York v. State,* 566 S.W.2d 936 (Tex.Crim.App.1978). "Fundamental error is presented where the error ... goes to the very basis of the case...." *Harris v. State,* 522 S.W.2d 199 (Tex.Crim. App.1975). Some constitutional rights are

so basic to a fair trial that their infraction can never be treated as harmless error. *Chapman v. California,* 386 U.S. 18, 23, 87 S.Ct. 824, 827, 17 L.Ed.2d 705 (1967).

In the case at bar, the judge stated to the jury that he had admonished both counsel that he would hold them in contempt if they told the jury that the jurors could view the evidence again. These remarks indicate not only that the court was predisposed to overrule any objection made by the appellant regarding the exhibit, but more importantly, was prepared to back up his earlier remarks with a contempt citation.

■ The responsibility of the judge upon a jury's request for an exhibit admitted into evidence is to furnish it. Article 36.25 is a mandate to a trial judge to furnish to a jury, upon request, any admitted exhibit. In our view, a refusal to comply with this legislative mandate, when all conditions precedent are met, constitutes harmful error. *See Lopez,* 628 S.W.2d at 85.

Our conclusion that the judge erred should not be viewed as a trespass on the trial court's inherent power to administer and manage jury trials, or to assist the jury in focusing on particular evidence that is in dispute. However, in this case, the entire videotape could be viewed in less than five minutes.

We are cognizant of the fact that, in a separate and subsequent interaction between the judge and the jury, the jury foreman stated that he *thought* that the jury could agree that they did not "need the video tape specifically." However, such assertion could not be interpreted as a withdrawal of the request to view the videotape, but rather, as an attempt to accommodate the judge's desire to not permit further viewing of the videotape. Regardless of whether the jury foreman withdrew the jury's request, we conclude that error had occurred earlier without mitigation.

In *Essery v. State,* 72 Tex.Crim. 414, 163 S.W. 17 (1914), the appellant complained of the actions of the trial court in sustaining

the verdict as rendered, and in permitting the jury to amend its verdict after the jurors had been discharged. The Court, after stating that the case presented a serious question, commented:

No one, under any circumstances, should be deprived of any right given him by the laws of this state, and, if any provision of our Code of Criminal Procedure has been overlooked or disregarded, if, in the remotest degree, it could have been hurtful or harmful to the person on trial, the verdict should be set aside. He has a right to be tried in accordance with the rules and form of law, and if this sort of a trial is not accorded him he has a right to complain, and to this complaint we will always give an attentive ear.

*Id.*

The purpose of an objection is to give the trial judge an opportunity to cure error. *See generally Anderson v. State,* 633 S.W. 2d 851, 855 (Tex.Crim.App.1982). Under the facts of this case, we fail to see how an objection could have cured the error, which we consider to be so prejudicial that the appellant was denied a fair and impartial trial. *See* Tex.Code Crim.P.Ann. art. 1.03 (Vernon 1977); *Green v. State,* 682 S.W.2d 271, 295 (Tex.Crim.App.1984), *cert. denied,* 470 U.S. 1034, 105 S.Ct. 1407, 84 L.Ed.2d 794 (1985).

■ In light of our discussion above, we conclude that the judge arbitrarily denied the jury the right to view properly admitted evidence upon request; that the denial was harmful error; and that because it denied a fair and impartial trial in accordance with the rules and form of law the harm is apparent on the face of the record. *See Essery,* 72 Tex.Crim. at 414, 163 S.W. at 17; Tex. Const. art. I, § 15.

The appellant's first point of error is sustained.

■ In points of error three, four, and five, the appellant challenges the authority of the special judge, Robert Scardino, to conduct his trial. If the appellant desired

to challenge such authority, he was required to bring a direct and timely action through a *quo warranto* proceeding. *Archer v. State,* 607 S.W.2d 539, 544 (Tex. Crim.App.1980), *cert. denied, Archer v. Texas,* 452 U.S. 908, 101 S.Ct. 3037, 69 L.Ed.2d 410 (1981). This principle is applicable even though the person acting as judge lacks the necessary qualifications, and is legally incapable of holding the office. *Ex parte Lefors,* 347 S.W.2d 254 (Tex.Crim.App.1961).

■ In the instant case, the record contains an order appointing Robert Scardino to serve as presiding judge of County Criminal Court at Law Number Two, as well as his oath of office. The time period of the appointment coincides with the date of the appellant's trial. Under these facts, we hold that the appellant's three points of error represent an impermissible collateral attack upon Judge Scardino's authority to preside at his trial. *Tart v. State,* 642 S.W.2d 244, 246 (Tex.App.—Houston [14th Dist.] 1982, no pet.).

■ Assuming, *arguendo,* that the appellant may challenge the authority of the judge, we conclude that he failed to preserve the error by urging a timely objection. *Esquivel v. State,* 595 S.W.2d 516, 522 (Tex.Crim.App.), *cert. denied,* 449 U.S. 986, 101 S.Ct. 408, 66 L.Ed.2d 251 (1980); *see Floyd v. State,* 488 S.W.2d 830, 832 (Tex.Crim.App.1972).

Accordingly, the appellant's third, fourth, and fifth points of error are overruled.

The judgment of the trial court is reversed, and the cause is remanded.

JACK SMITH, J., dissents.

JACK SMITH, Justice, dissenting.

I respectfully dissent for two reasons. First, although the jury requested to see the videotape, its foreman later advised the judge that he thought the jury could reach a verdict without reviewing the tape. The jury did reach a verdict, and no specific harm has been alleged or shown by the appellant.

Secondly, the majority opinion treats the videotape exhibit in the same manner as a physical exhibit, i.e., a gun, a knife, etc. I believe this an improper standard to apply to videotape evidence. I believe the proper procedure for a court to follow, when a jury has requested to see an entire videotape that has been introduced into evidence, would be: (1) the judge should advise the jury in writing that its request has been received by the court, and (2) if there is a disagreement among the jurors about specific parts of the evidence shown in the tape, then (3) the jury should make a request in writing to the court specifying what specific portions of the tape it desired to see; (4) in the event the jury makes such a request to view specific portions of the tape, the judge should review the tape, select the portions of the tape requested to be seen, and show those portions to the jury, and (5) a full and complete record of all the steps taken, including the specific portions of the tape shown, should be reduced to writing and placed in the record of the court.

If the procedure outlined above is followed, it may or may not require the showing of a full videotape, depending upon the content of the tape and the specific fact or facts on which the jury is in disagreement. I disagree with the majority opinion because it appears to conclude that if a videotape is introduced into evidence as an exhibit, the jury, upon request, is entitled to see the *entire* videotape regardless of what fact question is in dispute. The majority's conclusion appears to be based upon one fact only, the videotape was introduced into evidence. I believe this is a misinterpretation of Tex.Code Crim.P.Ann. art. 36.25 (Vernon 1981). In the instant case, it should be noted that the jury never apprised the trial court of what specific fact or facts it could not agree upon.

I agree with the majority opinion where it indicates the trial judge erred in threat-

ening to hold the attorneys in contempt. I do not agree that the manner in which he made his remarks were so fundamentally erroneous or so abusive that it requires a new trial.

I would affirm the judgment of the trial court.