Date: *April 6, 2015*

*WR#1426493*

*71,370-01*

From: Ivan Jose Manzano #1426493
      Estelle Unit, 264 FM 3478
      Huntsville, Tx., 77320-3322

  To: Clerk, Texas Criminal Court of Appeals
      P.O. Box., 12308
      CAPITOL STATION, AUSTIN, TEXAS 78711

  Re: About being convicted without prosecution, without jurisdic-
      tion, without indictement by a Grand Jury even when one is
      in the records; about 80 constitutional violations, Judicial
      Abuse, Prosecutorial misconduct, Denial of Counsel, Human
      Right violations, Ex Post Facto Laws (nine that applied to
      my case including but not limited Carmel V. Texas, Calder v.
      Bull...),... *(A TOTAL OF 4 PAGES INCLUDING These Two).*

Clerk,
    The case that applied to my claim is, IVAN JOSE MANZANO V.
THE STATE OF TEXAS, arising from trial CT No. 2003-876-C2A, and
Writ No. WR-71,370-01. I will request from you that as soon you
may recive this leter, to present it to the court judges pursuant
a fast solution to a case where the amount of violations is so
high that I truly believe there is not any similar case in the
history of the United States in records nowhere. If possible, at
the time you may receive this leter, could you ask the 54th Court
of McLennan County for a copy of the following documents:

a) A copy of the Grand Jury in the case The State of Texas v. Ivan
    Jose Manzano in the case No. 2003-876-C.

b) A copy of ORDER AMENDING THE INDICTEMENT that is filed in the
    court books on VOLUME 290, PAGE 624 Signed by Honorable Judge
    George Allen pursuant the above mentioned case.

c) A copy of RESPONSE AND MOTIONS OF THE STATE OOF TEXAS UPON
    DEFENDANT'S MOTION FOR DNA TESTING signed by District Attorney
    John W. Segrest that was filed in the records on April 2009,

RECEIVED IN
COURT OF CRIMINAL APPEALS
APR 09 2015
Abel Acosta, Clerk

I will like to request at this time, and pursuant to present a whole lot of evidence that never was in the court, that an evidenciary hearing to be Granted to me where the main issue will be the presentation to the court of all the required evidence that not just will support my case, but will support my innocence claim based in the caselaw **HERRERA V. COLLINS**, and the fact, where even when according to records biological material was available to be collected, (BLood and Fluid) it never was so by the State.

Clerk, besides all of the above, will you please, when in receiving this leter, can send to me back a card telling me that is in your hands?

Respectfully submitted by:

Ivan Jose Manzano #1426493

Take a look into a white card that was sent to me from this court on June 05, 2009 where the note included would talk about: "On this day, the supplemental Clerk Records, in response to the **remand order issued by this court**, has been received and presented to the Court." I never received any notice about the said remand order and I will like to have a copy of it. Thank

*Tell To The Judges That within My evidence, I have evidence pointing To The FALSIFICATION OF AT least 11 + 1 indictements by The SAME TEAM OF Prosecutors.*

#1426493

## GROUND #1

According to a motion that was filed by the State Prosecuting District Attorney John W. Segrest pursuant **The State of Texas V. Ivan Jose Manzano** upon defendant's motion requesting DNA testing that was filed on April 2, 2009:

"Count two of the indictement was later on **AMENDED** to make the date of that offense from April 1, 2003 to February 15, 2003" as well the manner and means to committing the alleged offense.

According to the said motion, the dates of February 15, 2003 for Count Two, and April 1, 2003 for Count One, together with the new description of the crime, "**were submitted to and found true by the jury**."

According to **EASTEP V. STATE**, 941 S.W. 2d 130, 132-33 (Tex. Crim. App. 1997) and **RINEY V. STATE**, 28 S.W. 3d 561 (Tex. App. App. 2000) the said modification was an alteration to the face of the charging instrument where "...the addition of the manner and means of committing an offense and the alteration of the alleged date **were both amendment**."

There is no doubts about the above mentioned fact where, in the instant case, Ivan Jose Manzano's indictement, according to the District Attorney himself, Mr. John W. Segrest, was amended by the State **just seven day before trial started** even when a Texas caselaw **BRASFIELD V. STATE**, (CR. App. 1980) would clearly

Page 1 of __9__ G1

stated that **"A felony charge may not be amended, either by reducing the facts alleged or by changing them or by adding to them."**

The United State's Constitution would stated in its Fifth Amendment (1791) that "No person shall be held to answer for a capital or otherwise infamous crime , <u>unless on a...indictement of a Grand Jury</u>." (EX PARTE BAIN. SUPREME COURT OF THE UNITED STATES 121 U.S.; 7 S. Ct. 781; 30 L. Ed. 849; 1887 U.S. LEXIS 2019).

Following in the same path, **The Texas Constitution Article 1, §10; 5, 13** and **The Texas Criminal Code of Procedure Art 1.05** would both stated **"No person shall be held to answer for a felony unless on indictement of a Grand Jury**."The are the laws of the United States of America and the State of Texas as well. Together with the above mentioned laws, there are many others that were designed to enforce that those <u>GRANTED RIGHTS</u> would never be abrogated from any person that could happen to be at certain point under the jurisdiction of any state regardless which one may be. Some of them will be **The U.S.C.A. 14TH; Texas Constitution Art. 1, §§13, 19,** Texas Criminal Code of Procedure Art. 1.04; PARKER V. STATE 745 S.W. 2d 934, 937 (Tex. App.-Houston [1st. Dist] 1988, pet. ref'd); McCAMBRIDGE V. STATE, 725 S.W. 2d 70 (Tex. Crim. App. 1989).

In both cases, the Law of the Land and The State Constitution, would support as basic requirement that <u>no person shall be held</u>

<u>to answer for a felony crime unless on an indictement by a Grand Jury</u>. In fact, historically, Texas State lawmakers would overtime taken many steps endavouring to attain a point where the above mentioned constitutionally granted rights could be protected to the maximum extent just to make sure that every person accused of any felony charge withing the State of Texas jurisdiction would be tried upon the constitutionally required Indictement by a Grand Jury. That can be seen all along Texas Criminal Code of Procedure from Art. 19.01 and up to Art. 21 where some of the most relevant issues included would be every step that has to be taken within the State's judicial system regarding Grand Jury selection from beginning of the process up to the very end where twelve people would become an impaneled body of Gran Jurors that shall inquire into all offenses liable to indictement. **TAYLOR V. STATE**, 735 S.W. 2d 930, 946 (Tex. App.-Dallas 1987), aff'd 786 S.W. 2d 295 (Tex. Crim. App. 1990). They are the people who later on would determine **by themselves** whether there are sufficient facts to justify an indictement and that there is a good reason for this accusation to be ventilated at a trial.

In the instant case, and according to records, an indictement was presented to the court by a Grand Jury that apparently was selected and empaneled in accordance to the State Laws.

Pursaunt information that was provided by court docket records,

the said original indictement was filed on August 27, 2003 at 11:58 am, and was signed on that day by a court clerk named **Suzanne Bownds**. This indictement was later on served to applicant Manzano while incarcerated at McLennan County Jail on August 28, 2003.

Three hundred and nine five days after the above mentioned original indictement was filed in the court records, the State Prosecuting Attorney named **Melanie Romondo Walker, SBOT No. 24007944** would file a motion requesting that information contained within the said original indictement, namely **date when the alleged crime was committed** and **the manner and means of committing the offense** to be replaced with some unauthenticated new version of the crime in litigation that never was investigated, corroborated, or even resubmitted to the Grand Jury pursuant requirements of Tex. Crim. Proc. Art. 20.09.

The said requested modification, even when apparently was performed according to T.C.C.P Art. 28.10 & 28.11, was never so according to existing constitutional guideline where that said modification **was never resubmitted to the grand jury** for them to be the ones in charge to determine if there it was a good reason for this modification to be made.

In **EX PARTE BAIN**, the declaration of Art. V of the Constitution where "No person shall be held to answer for a capital or

otherwise infamous crime, unless on a...indictement of a Grand Jury, "IS JURISDICTIONAL", AND NO COURT OF THE UNITED STATES HAS AUTHORITY TO TRY A PRISIONER WITHOUT INDICTEMENT...IN SUCH CASES. When this indictement is filed with the court, no change can be made in the body of the instrument by order of the court, or by the prosecuting attorney without resubmission of the case to the Grand Jury. And the fact that the court may deem the change immaterial, as striking out surplus words, makes no difference. The instrument, as thus change is not longer the indictement of the Grand Jury which presented it.(EX PARTE LANGE, 18 WALL, 163; EX PARTE PARKS, 93 U.S. 18; EX PARTE WILSON, 114 U.S. 417; SONNIER V. STATE, (App. 9 Dist. 1989) 786 S.W. 2d 384; BRASFIELD V. STATE, (CR. App. 1980) 600 S.W. 2d 228; COMMONWEALTH V. CHILD, 13 PICK, 198, 200 where Chief Justice SHAW would said: "It is a well-settled Rule of Law that the Statutes respecting amendments does not extend to indictements; mores, in PEOPLE V. CAMPBELL, 4 PARKER'S CR CAS 386, 387, it was well laid down that:

"The averments in an indictement could not be changed even by consent of the defendant."

According to RINEY, "Neither the State's motion to amend, nor the trial judge granting thereof is an amendment; rather the two comprised the authorization for the eventual amendment of the charging instrument."

According to John Segrest, the indictement in litigation was **amended**. The said amedment was approved by the presiding judge that was in charge of the proceedings, Honorable **George Allen**. (See a **ORDER AMENDING THE INDICTEMENT** that was filed on records at Sep. 27, 2004 9:55 am, that later on was filed in the court books on **VOLUME 290, PAGE 624** where the unsigned line where the Grand Jury signature would speak by itself, and a clear falsification would shown that the date when the said order was signed was overided by unknown person.; See **MOTION TO AMEND THE INDICTEMENT** filed on records on Sep. 23, 2003 at 4:38 pm where, at the bottom of the first page, the empty line where the Grand Jury signature should be stamped, would speak by itself. The said motion is part of a certified document of four pages that was so on August, 25th 2009 and signed by the State Prosecuting Attorney Melanie Romondo Walker).

In this case, there is no difficulties in holding that the indictement on which applicant Manzano was tried was not one by a Grand Jury, and was not longer the work of the Grand Jury who present it but the result of some ilegal modification by a judge and a prosecutor. From that point on, it only remains to consider whether this change in the indictement that never was resubmitted to the Grand Jury would deprive the court of the power of proceeding to try the defendant and sentence him to imprisionment provided by State's statutes.

In BAIN, the Court granted petitioner's petition for a writ of habeas corpus because the circuit court did not have jurisdiction to hear a case against petitioner because the indictment had been amended without resubmission to the Grand Jury. In Fact, and according to BAIN, "Any other doctrine would place the rights of the citizen, which were intended to be protected by the Constitutional provisions, at the mercy and control of the court prosecuting attorney, for, if it be once held that changes can be made by the consent or the order of the court in the body of the indictment by the Grand Jury, and the prisoner can be called upon to answer to the indictment as thus changed, the restrictions which the constitution places upon the power of the court in regard to prerequisites on an indictment in reality no longer exist. It is of no avail, under such circumstances, to say that the court still has jurisdiction of the person and the crime, for, though it has possession of the person, and would have jurisdiction of the crime, if it were properly presented by indictment, in this case the jurisdiction of the offense is gone and the court has no right to proceed any further in the progress of the case for want of an indictment if there is nothing before the court which the prisoner in the language of the constitution can be held to answer. He is then entitled to be discharge so far as the offense originally presented to the court by the indictment is concerned because at this point in time, the power of the court to proceed to try the

the prisioner is as much arrested as if the indictment has been dismissed or a nolle prosequi had been entered. (NIX V. STATE, 65 S.W. 3d 664 (Tex. Crim. App. 2000); HONEOUS V. DONOVAN , 93 F.R.D. 433, 436-37 (1982), Aff'd 691 F. 2d (1St. Cir. 1982) "Though not specifically alleged, subject matter jurisdiction, implicitly raises claim that default judgement against him was void and relief should be granted under RULE 64(b)(4).

"Jurisdiction can be challenged at any time." (BASSO V. UTAH POWER & LIGHT CO., 495 F. 2d 906, 910).

"Defense of lack of jurisdiction over the subject matter may be raised at any time, even on appeal." (HILL TOP DEVELOPERS V. HOLLIDAY PINES SERVICE CORP., 478 So. 2d 368 (Fla. 2nd. DCA.1985)

"There is no discretion to ignore lack of jurisdiction." See JOICE V. U.S., 474, 2d 215).

According to the McLennan County District Attorney at that time, and the second main charge of the court & and verdict of the jury that was filed on court docket records on 10-07-2004, the defendant in this case, Mr. Ivan Jose Manzano, was convicted in the basis of that modified indictement that never went back to the Grand Jury but!, "...WERE SUBMITTED TO AND FOUND TRUE BY THE JURY", and the State say so.

Thus, when Manzano was convicted of that alleged crime, he was so, in a condition where the court was not having jurisdiction to try his case. Not just that, but the court, according to docket

records, was not having PROSECUTION against him to proceed with the trial because when the state prosecuting attorney would file the said requested modification in the docket, at that time a photocopied page of the modified face of the indictement according to EX PARTE GARCIA, (App. 3 Dist. 1996) 927 S.W. 2d 787) and RINEY V. STATE, 28 S.W. 3d 561, 565-66(Tex. Crim. App. 2000) "Article of Criminal Procedure allowing amendment of indictement does not abrogate the constitutional and statutory requirement that a felony offense be prosecuted by indictement; thus, if state cannot or does not amend charging instrument after exception to its form or substance is sustained, THE PROSECUTION IS EFFECTI VELY TERMINATED.

In the instant case, and according to evidence that is at Mr. Manzano's hands, but not in the reocrds, the prosecution was, effectively terminated one week before trial starte. Still, he was tried and convicted on that ilegally modified indictement.

To make an even broad statement about the said no prosecution condition, I will ask the court to request the following document from the 54th Court of McLennan County. Ask them for the original Grand Jury documents. Never was one. Thus, never was prosecution in the first instance.

Therefore, in the basis of the above and 80 Grouns of appeal that could support his innocence, Manzano PRAYS to this court that the relief he is entitled in this proceeding to be GRANTED to him.

c'est pire qu'un crime, c'est une faute