**Michael William BURKETT, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–87–00630–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 27, 1988.

William M. Hicks, Dickinson, for appellant.

Michael J. Guarino, Criminal Dist. Atty. Galveston County, for appellee.

Before JACK SMITH, DUGGAN and DUNN, JJ.

OPINION

JACK SMITH, Justice.

A jury found appellant guilty of burglary of a vehicle, a tugboat, and the trial court, after finding two enhancement allegations to be true, assessed his punishment at 40 years confinement.

Appellant's sole point of error contends that the trial court erred in failing to grant his motion to suppress.

At a hearing held outside the presence of the jury, Officer Donald Trahan testified that he was dispatched to dock 15 in Texas City after receiving a radio call about a prowler on one of the tugboats. When Trahan arrived, appellant was escorted out of the crews' quarters by two deckhands. Appellant was then arrested, but he contended that the crew had robbed and beaten him.

Harold Leon McDaniel, the chief engineer on the Mark K tugboat, testified that he was awakened about 2:30 a.m. and saw the appellant standing in the doorway of the boat. Two men from another boat appeared behind appellant, preventing his exit from the boat. Appellant told McDaniel that he was looking for a friend named Jamie Sanders. Appellant was then escorted to the galley, and McDaniel realized that his cash was missing from his pant's pocket. He stated that he had six dollars, which was folded in a particular fashion. McDaniel asked appellant to empty his pockets, and as soon as appellant put down the six dollars, which was folded double, the money immediately folded back into the previous folds made by McDaniel. McDaniel testified that he did not rob appellant, but he did take back his six dollars.

David W. Green, Jr., captain of the Mark K, testified that he did not give appellant permission to come aboard the boat and that the boat was clearly posted with a "No Visitors" sign.

Richard P. Utley, an engineer on the tugboat, W.D. Hayden II, testified that he was awakened by a noise on the boat.

When he observed appellant on the passageway, he stopped him, and asked him what he was doing on the boat. Appellant told him that he was looking for someone. Utley told appellant to get off the boat. Utley then went to the wheelhouse to observe appellant as he left dock 14. He awakened deckhand Robert Delaware, and they went to find appellant. They located him on another boat, the Mark K, and surrounded him at the door of McDaniel's cabin. When Utley asked appellant for identification, he produced his social security card.

Appellant testified that he was at the docks to catch a boat back to Florida. He went onboard the W.D. Hayden II looking for his friends. When Utley told him that only the crew was aboard, he left and went to the Mark K. At the Mark K, he stated that he tried to wake up a deckhand when Utley came up behind him and put a knife into his stomach. Appellant testified that he told the men to call the police. When they asked him to empty his pockets, he complied, and one deckhand claimed that the money belonged to him. Appellant admitted on cross-examination that he had previous felony convictions for receiving stolen property and burglary of a vehicle, as well as several theft convictions.

Appellant moved to suppress the testimony and the physical evidence relating to the six dollars that resulted from his alleged illegal arrest by private citizens. He contends that the search was illegal and in violation of the U.S. Constitution, the Texas Constitution, and Tex.Code Crim.P.Ann. art. 38.23 (Vernon Supp.1988). Because the physical evidence was not admitted at the trial, the point of error will be limited to the trial court's admission of the testimony regarding the money.

The trial court is the sole trier of fact at a suppression hearing, and this Court is not at liberty to disturb any finding that is supported by the record. *Green v. State*, 615 S.W.2d 700, 707 (Tex.Crim.App.), *cert. denied*, 454 U.S. 952, 102 S.Ct. 490, 70 L.Ed.2d 258 (1981).

The Fourth Amendment does not require the exclusion of incriminating evidence il-

legally obtained through a search by a private citizen. *Burdeau v. McDowell*, 256 U.S. 465, 475, 41 S.Ct. 574, 576, 65 L.Ed. 1048 (1921). However, the Texas statute, article 38.23, is more restrictive because it prohibits the use of evidence illegally obtained by "an officer or *other person.*" (Emphasis added.)

The State contends that the citizen's arrest of appellant was legal under either Tex.Code Crim.P.Ann. art. 14.01 (Vernon 1977) or Tex.Code Crim.P.Ann. art. 18.16 (Vernon 1977). Article 14.01 permits a warrantless arrest by a citizen "when the offense is committed in his presence or within his view, if the offense is one classed as a felony or as an offense against public peace." Article 18.16 states that all persons have a right "to prevent the consequences of theft by seizing any personal property which had been stolen and bringing it, with the supposed offender, if he can be taken, before a magistrate for examination, or delivering the same to a peace officer for that purpose."

Tex.Penal Code Ann. sec. 30.04(a) (Vernon 1974) defines the felony of burglary of a vehicle as breaking or entering a vehicle or any part of a vehicle, without the effective consent of the owner, with the intent to commit any felony or theft. Tex.Penal Code Ann. sec. 30.01(3) (Vernon 1974) defines "vehicle" as "any device in, on, or by which any person or property is or may be propelled, moved, or drawn in the normal course of commerce or transportation...."

The record reflects that neither the captain nor the deckhands consented to appellant's entry onto the boat. Moreover, appellant was put on notice that entry to the boat was forbidden by the "No Visitors" sign posted on the boat. Appellant entered the Mark K at 2:30 a.m. after being ordered off another boat. An entry made without consent during the nighttime is a circumstance indicating his guilt, from which the trier of fact may or may not infer an intent to commit theft. *Aguilar v. State*, 682 S.W.2d 556, 558 (Tex.Crim.App. 1985). McDaniel testified that he realized that the cash was missing out of his pants

pocket, and after appellant emptied his pockets, the stolen cash was recovered.

We hold that appellant's warrantless arrest was lawful under article 14.01 because probable cause existed for his detention, and that the trial court properly overruled his motion to suppress.

Point of error one is overruled.

Appellant, who is represented by counsel on appeal, has filed a pro se request for this Court to include an additional point of error. There is no statutory or constitutional right to hybrid representation in Texas. *Landers v. State,* 550 S.W.2d 272 (Tex. Crim.App.1977). Thus, we decline to rule on the point of error.

The judgment is affirmed.