**TIN MAN LEE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–88–00841–CR.**

Court of Appeals of Texas, Houston (1st Dist.)

June 1, 1989.

Robert A. Scardino, Jr., Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Alan Curry, Susan Cook, Asst. Dist. Attys., Houston, for State.

Before SAM BASS, DUGGAN and HUGHES, JJ.

HUGHES, Justice.

This is an appeal from a conviction for the offense of unlawfully carrying a weapon. Trial was to the court. The judge found appellant guilty and assessed punishment at 30 days in the Harris County Jail, probated, and a $200 fine. Appellant brings one point of error.

On the evening of June 6, 1988, Catarino Torres, a private security guard, was at his usual position near the inside entrance of the Fantasia Club. Signs were located on both sides of this entrance that stated no weapons are allowed where alcoholic beverages are consumed. Torres was instructed by the club management to search all persons as they entered the door of the club. As appellant approached the club entrance, Torres began to pat his pockets down. At this point, appellant reached for his back pocket and said that he had a gun. Torres told him not to pull the gun out. He then reached around and stuck his hand into appellant's back pocket and pulled the gun half way out. Torres then told two police officers who were present that appellant had a gun. While the police officers approached appellant and removed the gun from his pocket, Torres still had his hand on appellant's back pocket. The officers then placed appellant under arrest.

In his sole point of error, appellant urges that the trial court erred in overruling his motion to suppress evidence that was obtained as a result of an illegal searcha that violated the fourth amendment of the United States Constitution, article 1, section 9 of the Texas Constitution, and Tex.Code Crim.P.Ann. art. 38.23(a) (Vernon Supp. 1989). Specifically, appellant argues that the security guard did not have any authority to search the person of anyone entering the Fantasia Club without justifiable probable cause.

■ Before addressing appellant's point of error, we must first determine whether the private security guard's actions constituted a search. As previously mentioned, appellant voluntarily went to the entrance of the nightclub. Signs were posted on both sides of the club stating "no weapons are allowed where alcoholic beverages are consumed." The club policy was to pat down everyone who entered the nightclub. Accordingly, if appellant did not want to enter the club under the conditions imposed by the club, he was not compelled to do so. See Gillett v. State, 588 S.W.2d 361 (Tex.Crim.App.1979). We find that appellant, by his conduct, impliedly consented to the security guard's action. However, addressing appellant's point of error and assuming that the private security guard's action constituted a search, we do not find the trial court committed error in overruling appellant's motion to suppress.

The fourth amendment to the United States Constitution does not apply to the actions of private individuals. Burdeau v. McDowell, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048 (1921). Further, article 1, section 9 of the Texas Constitution and the fourth amendment to the United States Constitution are, in all material aspects, the same. Brown v. State, 657 S.W.2d 797 (Tex.Crim.App.1983). Therefore, article 1, section 9 of the Texas Constitution does not apply to the actions of private individuals. However, Tex.Code Crim.P.Ann. article 38.23(a) is more restrictive than the requirements of the federal constitution. The pertinent portion of article 38.23 is as follows:

No evidence obtained by an officer or other person in violation of any provisions of the constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

The State acknowledges that article 38.23 applies a restriction on a private individual because it also applies to "other persons." But the State argues that article 38.23(a) is a statutory exclusionary rule and does not independently operate to exclude illegally obtained evidence. The State contends that in order for article 38.23(a) to apply to "an officer or other person," there must be a "violation of a provision of the constitution or laws of the State of Texas, or of the constitution or laws of the United States of America." See Burkett v. State, 760 S.W.2d 345 (Tex.

App.—Houston [1st Dist.] 1988, no pet.); *Henrich v. State*, 694 S.W.2d 341 (Tex. Crim.App.1985), *cert. denied*, 482 U.S. 913, 107 S.Ct. 3183, 96 L.Ed.2d 672 (1987).

We agree. Appellant does not cite any violation of a provision in the Texas Constitution, the Texas Code of Criminal Procedure, or the Texas Penal Code as restricting a search by a private individual. Appellant's argument refers only to provisions of the law that restrict searches and seizures by police officers or other governmental officials. In the instant case, Torres was not a police officer; he was employed as a private security guard for the Fantasia Club. Therefore, under the circumstances presented, the officers in this case were justified in conducting the search of appellant. *See Ramirez v. State*, 672 S.W.2d 480 (Tex.Crim.App.1984).

Appellant's sole point of error is overruled.

The judgment of the trial court is affirmed.