**Thomas E. WADE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–90–00361–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

July 2, 1992.

William W. Burge, Houston, for appellant.

John B. Holmes, Jr., Julie Klibert, Gilbert Alvarado, Houston, for appellee.

Before O'CONNOR, SAM BASS and MIRABAL, JJ.

OPINION

O'CONNOR, Justice.

A jury found the appellant, Thomas E. Wade, guilty of the offense of burglary of a vehicle. After pleading true to the enhancement paragraph, the jury assessed punishment at 20–years confinement and a $10,000 fine. We affirm.

The complainant, Franklin Marsic, owns a boat, the Shamrock, and keeps it at the marina that is for the people who live in the Point Condominium. One day while in the parking lot under the condominium, he saw a boat that was going slowly down the slip, behind the boats of the people who live in his condominium. Marsic testified that it appeared that someone was looking for

something in the back of the boats. Marsic went up to his condominium and from there he saw the appellant pull his boat into a slip adjacent to the Shamrock.

Marsic thought this was suspicious, so he went down to his boat where he found the appellant inside the Shamrock. The appellant had removed both seats of the boat, had put one on the dock and was in the process of picking up the other one when Marsic walked up. Marsic told the appellant to stop and that he was going to call the police, and he went back to his condominium from where he called the police. Marsic noticed that the appellant's boat did not have a Texas registration boat number painted on it, as required by law. From the condominium, Marsic watched the appellant leave his boat and throw one of Marsic's boat seats in the water. Marsic met the police officer at the security gate, and the two of them went after the appellant in Marsic's boat. They found the appellant's boat tied up at a slip on NASA Lake but did not find the appellant.

A maintenance supervisor for the city of Webster, Bruce Kilinski, testified he heard about the theft over a police radio and saw the appellant walking down a road. Kilinski testified that the appellant caught his attention because the appellant was constantly looking around. Kilinski flagged down Police Officer John Waters who, over the police radio, obtained a description that matched the appellant. Officer Waters then approached the appellant and asked for identification. The appellant provided identification under the name of Richard Roederer. Marsic later identified the appellant, and he was arrested.

The appellant testified that he did not get on Marsic's boat. The appellant said that he was just tying his boat to the dock when Marsic came up and started yelling at him. He left, but then, because he got mad at Marsic for yelling at him, went back to Marsic's boat, reached into the boat, took one of the seats out of the boat, and dropped it in the water. On cross-examination, the appellant admitted he had been convicted in state court of three felony

offenses involving stealing boats and in federal court of one felony offense for transporting stolen property. The appellant, who identified himself as a journalist, said he authored the book, "Confessions of a Boat Thief," while he was in prison, and he had stolen as many as 50 boats.

## 1. Sufficiency of the evidence

In point of error one, the appellant argues the evidence is insufficient to support the conviction for burglary of a vehicle.

In reviewing the sufficiency of the evidence, an appellate court must view the evidence in the light most favorable to the verdict to determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim.App.1989).

■ The appellant contends that a boat is not a "vehicle," thus, there is no evidence that demonstrates he committed a theft of a vehicle. We disagree.

Section 30.01(3) of the Texas Penal Code defines a vehicle as:

[A]ny device in, on, or by which any person or property is or may be propelled, moved, or drawn in the normal course of commerce or transportation, except such devices as are classified as "habitation."

TEX.PENAL CODE ANN. § 30.01(3) (Vernon 1989).

An individual commits the offense of burglary of a vehicle when, without the effective consent of the owner, he breaks into or enters a vehicle, or any part of a vehicle, with intent to commit a felony or theft. TEX.PENAL CODE ANN. § 30.04(a) (Vernon 1989).

The appellant argues that with the adoption of section 30.01(3), it was the legislature's intent to no longer consider theft aboard a boat to be burglary of a vehicle. Section 30.04(a) replaced former Texas Penal Code 1404,[1] which read:

1. Vernon's Rev.Penal Code 1926, art. 1404.

Entry by breaking—Whoever shall, by breaking, enter a vessel, steamboat, or railroad car in the daytime, with intent to commit a felony or theft, shall be punished as prescribed in the preceding article.

The appellant wishes the court to adopt a narrow reading of section 30.01(3). The appellant urges that the omission of the term "boat" from section 30.01(3) indicates the legislature's intent to no longer apply to boats under the vehicular burglary statute, section 30.04(a).

The enactment of sections 30.01(3) and 30.04(a) was not an abandonment of the offenses under section 1404 of the former penal code. A fair and plain reading of the definition of section 30.01(3) logically includes boats as vehicles under section 30.-04(a).

█ In addition, this Court recognized a person can be convicted of burglary of a vehicle when committing theft aboard a boat. *Burkett v. State of Texas*, 760 S.W.2d 345, 346 (Tex.App.—Houston [1st Dist.] 1988, no pet.). In *Burkett*, the defendant entered a tugboat and stole six dollars from a crew member. *Id.* at 345. The court held the defendant's actions to be burglary of a vehicle. Here, the appellant stole two chairs from the complainant's boat. The act of burglarizing a boat constitutes a violation of section 30.04(a) and the appellant's conviction for burglary of a vehicle is supported by sufficient evidence.

A review of *Burkett* and the language of section 30.01(3) demonstrates appellant's position is without merit. We overrule the appellant's point of error one.

## 2. Defense exhibit

█ In point of error two, the appellant argues the trial court erred in refusing to allow the jury to view defense exhibit 10 during their deliberations. Exhibit 10 included all the documents that the State took from the appellant's briefcase, which was recovered from the boat he had been driving.

█ Article 36.25 of the Texas Code of Criminal Procedure provides that upon request from the jury any exhibits admitted as evidence in the case shall be furnished to the jury. *Parker v. State*, 745 S.W.2d 934, 936 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd); Tex.Code Crim.P.Ann. art. 36.25 (Vernon 1981). When jurors request an exhibit that was admitted into evidence, the trial court must give it to them. *Lopez v. State*, 628 S.W.2d 82, 85 (Tex.Crim.App. 1982); *Parker*, 745 S.W.2d at 936.

Here, however, exhibit 10 was not admitted into evidence. The appellant contends that the record is inaccurate.

A reading of the following portion of record does not support the appellant's contention:

Defense: May I have this marked Defendant's Exhibit No. 10?

(Whereupon, Defendant's Exhibit No. 10 was marked for identification.)

. . . .

Defense: May I have this marked as Defendant's Exhibit No. 11?

(Whereupon, Defendant's Exhibit No. 11 was marked for identification.)

Defense: These are items that you found in [the appellant's] briefcase, copies of them, is that correct?

. . . .

Defense: Judge, we would offer in lieu— we'll offer Defendant's Exhibit 11.

Prosecutor: No objection, Your Honor.

The Court: Admitted.

(Whereupon, Defendant's Exhibit No. 11 was admitted into evidence.)

A careful reading of the remaining portion of the record reflects the exhibit number 10 was not admitted at trial. Although the exhibit was marked, it was not offered. There is no error on the part of the trial court in refusing to allow the jury to view an exhibit that was not admitted into evidence.

We overrule the appellant's point of error two.