NUMBER 13-00-074-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


MARIO NAVARRO, JR.
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 28th District Court


of Nueces County, Texas.


___________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and

Yañez

Opinion by Chief Justice Seerden



 This is an appeal from the conviction of Mario Navarro, Jr.,
appellant, for murder. Tex. Pen. Code Ann. § 19.02 (Vernon 2000). 

 Appellant was among a group of young people who went to North
Beach in Corpus Christi in the early morning of July 1, 1994. Upon
arriving at the beach, appellant and his compatriots, members of a gang
known as the "Little Mobsters," encountered another group of young
people who were members of a rival gang. A fight eventually broke out. 
During this fight, witnesses observed appellant remove a gun or guns
from the trunk of a nearby car. Two or three shots were heard. A
young man in the rival gang, Armando Rinche, was struck by at least
one shot and killed. A witness later identified appellant as the man who
shot the victim. 

 Appellant was arrested five days later. After having the statutory
warnings administered to him, appellant gave a written confession to
the police. In the confession, appellant stated that, during the fight, a
person named Gilbert produced a gun, which he handed to another of
appellant's colleagues, Carlos Hernandez. Appellant stated that Carlos,
in turn, handed him the gun and "said 'cap him' which means shoot
him." Because Carlos was the leader of the gang, appellant said he did
as he was told. Appellant admitted shooting the victim in the back.

 Prior to trial, appellant filed a motion to suppress his confession. 
Appellant's motion was predicated on his assertion that his statement
was involuntarily made as a result of threats of bodily harm made
against appellant and his children by Carlos Hernandez. After a hearing
on the motion, the trial court denied the motion. The case proceeded
to trial and a jury convicted appellant of murder.

 By his first issue, appellant argues that the trial court erred in
admitting his confession. 

 In a suppression hearing, the trial court is the sole trier of fact and
judge of the credibility of the witnesses and the weight to be accorded
their testimony. Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim.
App. 1990). We review the trial court's determination under an abuse
of discretion standard, and in that regard, we review the record to
ascertain whether it supports the trial court's findings. Cantu v. State,
817 S.W.2d 74, 77 (Tex. Crim. App. 1991). It is axiomatic that a
defendant's statement must be voluntary in order to be admissible as
a matter of due process of law. Tex. Code Crim. Proc. Ann. arts. 38.21,
38.22 (Vernon 1999). In determining if a confession is voluntary, we
look to the totality of the circumstances surrounding the giving of the
statement. Arizona v. Fulminante, 499 U.S. 279, 287, 111 S.Ct. 1246,
1253, 113 L.Ed.2d 302 (1991). 

 The sole concern of the voluntariness requirement is governmental
coercion. Colorado v. Connelly, 479 U.S. 157, 170, 107 S.Ct. 515, 523
(1986). As the Supreme Court has noted, the voluntariness requirement
found in the Fifth Amendment is "not concerned 'with moral and
psychological pressures to confess emanating from sources other than
official coercion.'" Id.; see also Oregon v. Elstad, 470 U.S. 298, 305, 105
S.Ct. 1285, 1290, 84 L.Ed.2d 222 (1985). In that regard, the
voluntariness of a confession "has always depended on the absence of
police overreaching, not on 'free choice' in any broader sense of the
word." Connelly, 479 U.S. at 170 (emphasis supplied); see also Moran
v. Burbine, 475 U.S. 412, 421, 106 S.Ct. 1135, 1141, 89 L.Ed.2d 410
(1986). 

 Texas has extended this protection to exclude "evidence obtained
by an officer or other person in violation of any provisions of the
Constitution or laws of the State of Texas, or of the Constitution or laws
of the United States." Tex. Code Crim. Proc. Ann. art. 38.23(a) (Vernon
1999). Appellant cites this court to no cases which suggest that the
rule in Connelly has ever extended to a private person nor have we
found any such authority. In the two most similar reported cases,
actions by non-governmental actors were found to not violate
constitutional or statutory protections, and the questioned evidence
was admitted. See Alvarado v. State, 853 S.W.2d 17, 19 (Tex. Crim.
App. 1993) (confession obtained by Mexican officials in Mexico without
Miranda warnings was admissible); Lee v. State, 773 S.W.2d 47, 48
(Tex. App.--Houston [1st Dist.] 1989, no pet.) (use of evidence obtained
as a result of search by private security guard not prohibited because
no prohibition on such a search existed). To reiterate, however, no
court of this State has held a confession involuntary as a result of
coercion from a private individual. 

 At the hearing on the motion to suppress, appellant testified that
he was instructed to confess to the shooting by Carlos Hernandez, the
leader of the Little Mobsters. Appellant did not suggest at any point in
his testimony that the pressure he felt was supplied by police officers
or other governmental officials. The coercive pressure appellant
complains of was supplied entirely by a non-governmental actor. 
Accordingly, appellant's statement was not involuntary. See Connelly,
479 U.S. at 170-71 (Connelly's statement, compelled by the "voice of
God," was not involuntary). The trial court did not abuse its discretion
in denying appellant's motion to suppress. Appellant's first issue is
overruled.

 By his second issue, appellant contends that the trial court erred
in excluding evidence that a State's witness had pending criminal
charges. Specifically, appellant complains that he sought to impeach
the testimony of a State's witness with the fact that the witness had
two pending, but unadjudicated felony charges, and "therefore had a
reason to lie" about what she observed. 

 The right to confront one's accuser necessarily includes the right
to cross-examine. Carroll v. State, 916 S.W.2d 494, 497 (Tex. Crim.
App. 1996). This includes cross-examination "concerning criminal
charges pending against a witness and over which those in need of the
witness' testimony might be empowered to exercise control." Id. at
498. In order to impeach a witness with evidence of pending criminal
charges, "the proponent must establish some causal connection or
logical relationship between the pending charges and the witness'
potential bias or prejudice for the State." Carpenter v. State, 979
S.W.2d 633, 634 (Tex. Crim. App. 1998). The existence of an
agreement between the witness and the State is not determinative of
the defendant's right to cross-examination. Carroll, 916 S.W.2d at 500. 
Nevertheless, the cross-examination should amount to "an attempt to
demonstrate [the witness] held a possible motive, bias or interest in
testifying for the State." Id.

 In Carpenter, the court of criminal appeals held that the trial court
did not abuse its discretion by denying cross-examination into pending
charges against a witness. Carpenter, 979 S.W.2d at 635. The court
concluded that appellant could not provide any basis, other than an
unsubstantiated assertion, for her suggestion that the witness, who
was subject to federal criminal charges unrelated to the case against
Carpenter, was biased. Id. Without such a showing, there was nothing
in the record to suggest that the witness' testimony would be relevant
to the charges against appellant. Id. at 634.

 Here, the same situation exists. At trial, but outside the presence
of the jury, after asking the witness about the pending charges against
her and determining that the witness had not entered into a plea
bargain with the State, appellant's counsel asked the court to permit
cross-examination under Rule 609. Counsel explained that the evidence
of pending charges should be admitted because "She obviously has
reason to lie, if she's got two pending serious felonies." There was no
testimony or evidence which suggested that a plea bargain was likely
for this witness. 

 Appellant has done nothing to logically connect those charges to
the witness's testimony in the present case. See id. at 635. 
Accordingly, we conclude that the trial court did not abuse its discretion
by excluding the testimony. Appellant's second issue is overruled. 

 By his third issue, appellant argues that the trial court erred in
charging the jury on the law of parties and by failing to apply the law
to the facts in the instructions. Appellant's primary contention with
regard to this issue is that the evidence adduced at trial was insufficient
to show that he acted as a party to the commission of the offense if he
was not the primary actor.

 When the evidence is sufficient to support both primary and party
theories of culpability, the trial court does not err in submitting an
instruction on the law of parties. Ransom v. State, 920 S.W.2d 288,
302 (Tex. Crim. App. 1994). The evidence will be sufficient to convict
under the law of parties if the defendant is physically present at the
scene of the offense and encourages its commission by words or other
actions. Id. Participation in the criminal enterprise may be inferred from
the circumstances surrounding the offense and may be shown by
circumstantial evidence. Beardsley v. State, 738 S.W.2d 681, 684 (Tex.
Crim. App. 1987). Any charge which instructs the jury on the law of
parties must also contain an application paragraph in which the facts
of the case are tied to the law of parties. Jones v. State, 815 S.W.2d
667, 670 (Tex. Crim. App. 1991). 

 Here, the evidence indicated that appellant was present when the
victim was shot during a fight. There was evidence that appellant
removed some guns from the trunk of a nearby vehicle and handed
those guns to others who were involved in the fight. There was no
evidence to suggest that a weapon other than one fired by appellant or
his compatriots was the one used to kill the victim. According to
appellant's own confession, he was ordered to shoot the victim by
Carlos Hernandez. Appellant's statement evidences his understanding
that Carlos Hernandez intended the victim to be shot. There was some
conflicting testimony which suggested that perhaps someone other
than appellant fired the shot that struck the victim. Nevertheless, the
evidence shows that appellant either fired the shot which struck and
killed the victim or participated in the intentional shooting by supplying
others with weapons. We conclude that this evidence is sufficient to
establish that appellant was present when the victim was shot and that
appellant either fired the gun himself or participated in the shooting by
supplying weapons to whomever shot and killed the victim. Thus the
trial court did not err by including an instruction on the law of parties
in its charge. 

 We furthermore find no support for appellant's contention that the
trial court failed to apply the law to the facts in its charge. The record
reflects that the charge contains a paragraph which explains that
appellant could be guilty of murder if the jury found beyond a
reasonable doubt that Carlos Hernandez intended to cause the death or
serious bodily injury of Armando Rinche and if the defendant knew of
that intent and acted to promote the commission of the offense by
Hernandez. This paragraph clearly applies the law of parties to the
circumstances of this case. Appellant's third issue is overruled.

 The judgment of the trial court is AFFIRMED.

 

 

 

 ROBERT J. SEERDEN, Chief Justice


Do not publish
.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this 31st day of August, 2000.