Jason Michael GRANT, Appellant

v.

The STATE of Texas, Appellee

NO. 14-16-00158-CR

Court of Appeals of Texas, Houston (14th Dist.).

Opinion filed September 28, 2017

· Winston E. Cochran, Jr., League City, TX, for Appellant.

Allison Lindblade, Tirrell Washington, Galveston, TX, for State.

Panel consists of Justices Boyce, Jamison, and Brown.

## OPINION

Martha Hill Jamison, Justice

In one issue, appellant Jason Michael Grant contends that the trial court erred in failing to suppress video images recovered from a stolen cell phone. Concluding that appellant lacked standing to complain

of the search and seizure of the phone, we affirm.

## *Background*

After he was indicted for aggravated sexual assault of a child, appellant moved to suppress data recovered from a stolen cell phone, including video images of appellant committing the offense contained on a San Disk Micro storage card (SD card). At the hearing on the motion to suppress, appellant testified that he purchased the phone as a back-up for his girlfriend Alisha to play games.[1] According to appellant, he did not give the phone to Alisha to keep, and Alisha had another phone. The phone was stolen from appellant's house. The phone contained extra storage on the SD card that could be loaded with digital files. Appellant considered some of the files on the phone to be "sensitive and private to [himself]."

During cross-examination, appellant conceded that Alisha did not just play games on the phone: she sent texts to appellant and others and had no restrictions on her use of the phone as long as she was using it at the house. When appellant initially was interviewed by police, he referred to the phone as "Alisha's." At the suppression hearing, he admitted, "It would be Alisha's phone that she was using." In a letter to his daughter, appellant said that "everything was on Alisha's phone,"[2] Alisha had a password on the phone, and Alisha purposely allowed the phone to be stolen or given to law enforcement to "frame" him.[3]

The State called Officer Bonner at the hearing. He testified that video evidence of the offense had been recovered from the SD card. Officers did not know the phone

---

1. A friend signed the service contract because appellant had bad credit.

2. By "everything," appellant apparently meant evidence of the offense.

3. The letter was admitted at the hearing but is not part of the record on appeal.

had been stolen—they were told it had been purchased from appellant.[4] Bonner confirmed that appellant referred to the phone as "Alisha's" during his recorded interview.[5] Alisha sent many texts from the phone, including the following: "Jason's phone is [phone number]. Hey please don't call this phone about it," and "[I]f you want to talk to Jason, call this number." Bonner stated that based on his review of the phone logs, the phone may have had more than one user.

The trial court denied the motion to suppress and signed findings of fact and conclusions of law. .

### Discussion

◼ In his sole appellate issue, appellant challenges the trial court's denial of his motion to suppress under article 38.23 of the Texas Code of Criminal Procedure, which is the Texas exclusionary statute. *See Miles v. State*, 241 S.W.3d 28, 29 (Tex. Crim. App. 2007) (citing Tex. Code Crim. Proc. art. 38.23(a)). Under that statute:

No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

Tex. Code Crim. Proc. art. 38.23(a). The Texas exclusionary rule mirrors the Fourth Amendment in many respects but applies to certain actions of private individuals in addition to actions of government officials.[6] *Miles*, 241 S.W.3d at 32. Appellant complains that the cell phone was obtained in violation of Texas law because it was stolen.

◼ A party must establish standing to challenge a search and seizure. *See Kothe v. State*, 152 S.W.3d 54, 59 (Tex. Crim. App. 2004) (addressing standing under Fourth Amendment); *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996) (same under United States and Texas Constitutions); *Fuller v. State*, 829 S.W.2d 191, 202 (Tex. Crim. App. 1992) (addressing standing under article 38.23), *overruled in part on other grounds by Riley v. State*, 889 S.W.2d 290, 301 (Tex. Crim. App. 1993). Although we defer to the trial court's factual findings and view them in the light most favorable to the prevailing party, we review the legal issue of standing de novo. *Kothe*, 152 S.W.3d at 59. The defendant carries the burden of proof to provide facts that establish standing. *See Villarreal*, 935 S.W.2d at 138.

◼ The right to complain of an illegal search and seizure under article 38.23 is a privilege personal to the wronged or injured party and is not available to anyone else. *Fuller*, 829 S.W.2d at 202. Accordingly, the defendant must show that he was the victim of the illegal search and .seizure to establish standing to complain about evidence that was obtained in violation of the law. *Id.* One who has not suffered invasion of a legal right does not have standing to complain. *Chavez v. State*, 9 S.W.3d 817, 819 (Tex. Crim. App. 2000).

---

4.  Bonner testified that the "witness'[s] mother's [sic] turned over the SD card" and other items of evidence to law enforcement, including a laptop on which the video was viewed. A warrant was obtained to view the contents of the phone, SD card, and laptop. Apparently, officers viewed the contents of the SD card and phone before obtaining the warrant.

5.  A video of the interview was admitted into evidence but not played during the hearing.

6.  The Fourth Amendment of the United States Constitution, made applicable to the states by the Due Process Clause of the Fourteenth Amendment, *Ker v. California*, 374 U.S. 23, 30, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963), provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV.

The following factual findings by the trial court are relevant to our analysis:[7] (1) Alisha used the phone for whatever purposes she needed and outside appellant's presence; (2) Alisha could share the contents of the phone with anyone she wanted, including police; (3) appellant referred to the phone as "Alisha's" on numerous occasions; (4) Alisha put a passcode on the phone and thus exercised her right and authority to exclude others; (5) multiple text messages were sent to and from Alisha on the phone, including several texts indicating the phone was not appellant's and not to contact appellant at that number and multiple texts from Alisha to appellant; and (6) appellant did not send any texts from the phone during the relevant timeframe.

Deferring to these factual findings as we must, we conclude they support the trial court's conclusion that appellant lacked standing to complain regarding the search of the phone. Specifically, the evidence presented at the suppression hearing supports the following conclusions by the trial court: (1) any property or possessory right in the phone held by appellant was "eradicated when he gave the phone to Alisha ... to use as she pleased"; (2) although appellant had access to the phone at times, he never exercised exclusive dominion or control over the phone; and (3) when Alisha possessed the phone outside appellant's presence, which was often, Alisha had complete dominion and control over it.

■ In *Fuller*, the Court of Criminal Appeals held that the defendant lacked standing to complain of the admission at trial of a stolen audiotape that the defendant gave to a third party, because the victim of the theft was the third party and not the defendant. 829 S.W.2d at 202; *see also Chavez*, 9 S.W.3d at 819. Here, although appellant purchased the phone, the trial court reasonably could have concluded that appellant did not own it at the time it was stolen because he had given it to Alisha and thus had relinquished any property or possessory right in the phone.[8] The legal right invaded as a result of the theft, if any, was not appellant's—the victim, if any, was Alisha. *See Chavez*, 9 S.W.3d at 819 ("Appellant lacks standing to complain about the seizure of the cocaine because [the police officer] did not obtain the cocaine in violation of appellant's rights."). Accordingly, the trial court reasonably could have found based on these facts that Alisha—not appellant—was the victim of the theft. These findings support the conclusion that appellant lacks standing to complain about the admission at trial of the contents of the phone.[9] *See Chavez*, 9 S.W.3d at 819; *Fuller*, 829 S.W.2d at 202. We overrule appellant's sole issue on appeal.[10]

---

7. Appellant does not challenge the sufficiency of the evidence in support of the trial court's factual findings.

8. We note that appellant testified in one instance that Alisha used the phone "too." The trial court, as the sole judge of the credibility of the evidence, was free to disregard this testimony. *See Kelley v. State*, 429 S.W.3d 865, 876 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd).

9. Because we conclude that appellant lacks standing to complain regarding the admissibility of evidence under article 38.23, we do not address whether the theft of the cell phone was the type of "violation of ... the ... laws of the State of Texas" envisioned by article 38.23. *See* Tex. Code Crim. Proc. art. 38.23(a).

10. We note that appellant does not expressly raise any constitutional challenge to the search and seizure and in fact states in his appellate brief that "the error in admitting the evidence resulted from violating [article] 38.23, rather than from violating a constitution right." However, appellant also argues that he had "an expectation that knowledge of the existence of the images was limited to [Alisha and him]," which arguably implicates

### Conclusion

We affirm the judgment of the trial court.

the reasonableness of the search and seizure under the Fourth Amendment. *See State v. Betts*, 397 S.W.3d 198, 203 (Tex. Crim. App. 2013). Even if appellant had raised this issue, we conclude that he did not have a reasonable expectation of privacy in the phone at the time it was stolen because Alisha had full access to the phone and could share its contents with anyone. *See Lown v. State*, 172 S.W.3d 753, 759-61 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (holding appellant failed to show any expectation of privacy in files stored on the computer system in his office was one that society accepts as objectively reasonable); *see also Betts*, 397 S.W.3d at 203 (Tex. Crim. App. 2013) (noting to establish standing based on a legitimate expectation of privacy, a defendant "must show that he had a subjective expectation of privacy in the place invaded and that society is prepared to recognize that expectation of privacy as objectively reasonable").